IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN ROUDYBUSH,

                Plaintiff,

v.                                                        Case No. 17-2303-CM

STATE OF KANSAS, et al.,

                Defendants.

## ORDER AND NOTICE TO SHOW CAUSE

The pro se plaintiff, John Roudybush, has filed a motion to proceed with this action *in forma pauperis* (ECF No. 3), with an accompanying affidavit of financial status.[1] Plaintiff has also filed a motion for appointment of counsel (ECF No. 4), a petition for continuance (ECF No. 6), a motion for investigation and prosecution (ECF No. 8), and a motion for order directing the Kansas state court to change the venue of the criminal case pending against plaintiff by transferring it to this court (ECF No. 9). For the reasons discussed below, the court grants plaintiff's motion to proceed *in forma pauperis*, denies plaintiff's motion for appointment of counsel, grants in part and finds as moot in part plaintiff's petition for continuance, denies plaintiff's motion for investigation and prosecution, and denies the motion for order to the state court to change

---

[1] As discussed below, on July 27, 2017, plaintiff filed a supplemental financial affidavit (ECF No. 10).

1

venue. Additionally, for the reasons discussed below, on or before **August 16, 2017**, the court orders plaintiff to show cause to the presiding U.S. District Judge why this case should not be dismissed.

I. Motion to Proceed *in Forma Pauperis* and Petition for Continuance

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."[2] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[3] "One need not be 'absolutely destitute' to proceed [*in forma pauperis*], but [*in forma pauperis*] need not be granted where one can pay or give security for the costs 'and still be able to provide [her]self and dependents with the necessities of life.'"[4] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[5] The decision to grant or deny *in forma pauperis* status under § 1915 lies within the "wide discretion" of

---

[2] 28 U.S.C. § 1915(a)(1).

[3] *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *United States v. Garcia*, 164 Fed. App'x 785, 786 n. 1 (10th Cir. Jan. 26, 2006).

[4] *Lewis v. Center Market*, 378 F. App'x 780, 785 (10th Cir. 2010) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

[5] *Green v. Suthers*, No. 99-1447, 208 F.3d 226 (table), 2000 WL 309268, at *2 (10th Cir. Mar. 27, 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

the trial court.[6]

On May 31, 2017, the undersigned U.S. Magistrate Judge, James P. O'Hara, entered an order finding that certain aspects of plaintiff's financial affidavit were unclear and required clarification.[7] Specifically, the court noted a lack of clarity surrounding plaintiff's income over the last twelve months and plaintiff's interest in real property. The court ordered plaintiff to file a supplemental financial affidavit by June 14, 2017. On June 12, 2017, plaintiff filed a petition for continuance (ECF No. 6), seeking a 30-day extension of time to respond to the court's May 31, 2017 order. On July 27, 2017, plaintiff filed a supplemental financial affidavit (ECF No. 10).

The court finds plaintiff's petition for continuance and supplemental financial affidavit clarify some of the information contained in plaintiff's initial affidavit. Although certain aspects of plaintiff's financial status remain unclear, the court will grant plaintiff's motion to proceed *in forma pauperis*. In light of the foregoing, the court denies as moot plaintiff's petition for continuance to the extent plaintiff seeks an extension of time to respond to the court's May 31, 2017 order. The petition for continuance is granted, however, to the limited extent plaintiff requests that access to the document be restricted on the basis that it contains protected health information. The clerk is directed to restrict access to ECF No. 6.

---

[6] *Garcia*, 164 Fed. App'x at 786 n. 1. *See also Lister*, 408 F.3d at 1312 ("[W]e review the district court's denial of IFP status for an abuse of discretion.").

[7] ECF No. 5.

II. Screening under 28 U.S.C. § 1915(e)(2)

When a party is granted leave to proceed in forma pauperis, § 1915(e)(2) requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[8] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[9] The screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike.[10]

In applying § 1915(e)(2) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[11] This does not mean, however, that the court must

---

[8] 28 U.S.C. §1915(e)(2)(B).

[9] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[10] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[11] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

become an advocate for the pro se plaintiff.[12] "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[13] The "court need not accept allegations that state only legal conclusions."[14] Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[15]

Plaintiff's Complaint

Plaintiff's complaint and the various accompanying attachments are difficult to comprehend. But it appears plaintiff brings claims against the State of Kansas, the Twenty-Eighth Judicial District Court, the Saline Board of County Commissioners, and numerous other defendants, stemming from a hernia injury plaintiff allegedly sustained while imprisoned in the Saline County Jail. The court liberally construes plaintiff's complaint as a 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. Plaintiff also appears to assert negligence and assault claims related to his injury.

---

[12]*Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[13]*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[14]*Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *2 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[15]*Phillips v. Layden*, No. 11-7011, 2011 WL 4867548, at *1 (10th Cir. Oct. 14, 2011) (internal quotation and citation omitted).

Plaintiff seeks monetary damages, and asks the court to order federal prosecutors to bring criminal charges against defendants for alleged crimes set forth in his attached "criminal complaint." Plaintiff also appears to challenge the validity of various state criminal proceedings, and in that regard, seeks a temporary restraining order, a writ of habeas corpus, and an order directing the state court to transfer the underlying criminal case to this court.

Criminal Proceedings

As an initial matter, to the extent plaintiff asks the court to order federal prosecutors to bring criminal charges against defendants, the Tenth Circuit has concluded that such an order "would improperly intrude upon the separation of powers."[16] "'Broad [prosecutorial] discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review.'"[17] Additionally, none of the various federal criminal laws cited by plaintiff provide a private right of action.[18]

---

[16] *Presley v. Presley*, 102 F. App'x 636, 636 (10th Cir. 2004).

[17] *Id.* (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985)).

[18] *Henry v. Albuquerque Police Dept.*, 49 F. App'x 272, 273 (10th Cir. 2002) (upholding district court's holding that §§ 241 and 242 of Title 18 are criminal statutes and do not provide a private civil cause of action); *Williams v. St. Vincent Hosp.*, 258 Fed. App'x 293, 295 (11th Cir. 2007) (concluding that plaintiff had no standing to invoke 18 U.S.C. § 1113 "because it is a criminal statute that makes it a federal crime to attempt to commit murder or manslaughter within the United States."). The court notes that although plaintiff cites the Racketeer Influenced and Corrupt Organizations (RICO), 18 U.S.C. § 1961 *et seq.*, which does provide a civil cause of action, plaintiff fails to support the elements of such a claim. "To successfully state a RICO claim, a plaintiff must allege

The court finds plaintiff's claims challenging the validity of various state criminal proceedings should be dismissed. Plaintiff claims he has been "illegally prosecuted" and seeks a temporary restraining order and a writ of habeas corpus. The *Younger* abstention doctrine generally prevents *federal* courts from interfering with ongoing *state* criminal proceedings.[19] And a petitioner seeking federal habeas relief is generally required to exhaust state remedies before proceeding in federal court.[20] Plaintiff claims he "tried to appeal the lower court and was not accomplished due to the appeal is base on attachment from the lower court and doe to their involvement and influence it was not successful!"[21] This statement is insufficient to demonstrate that plaintiff has presented his claims to the state courts, including the state appellate courts.

Section 1983 Claim

As earlier indicted, plaintiff alleges he was refused medical attention for his alleged hernia injury while he was imprisoned in the Saline County Jail. This allegation is insufficient to state a claim under section 1983.[22]

---

four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Kearney v. Dimanna*, 195 Fed. App'x 717, 720 (10th Cir. 2006) (quotation omitted).

[19] *Wilson v. Morrissey*, 527 Fed. App'x 742, 743 (10th Cir. 2013).

[20] *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

[21] ECF No. 1-6.

[22] To the extent plaintiff asserts a conspiracy claim under 42 U.S.C. § 1985(3)

7

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment."[23] The Tenth Circuit has explained that a plaintiff alleging "deliberate indifference" must plead both an objective and a subjective component:

> The objective component is met if the deprivation is sufficiently serious. A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety. In measuring a prison official's state of mind, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[24]

The court assumes, for purposes of this order, that plaintiff's alleged hernia injury was "sufficiently serious." However, plaintiff's conclusory allegations that he was denied necessary medical care fail to establish the requisite culpability on the part of any defendant.

---

related to the same alleged failure to provide medical care, plaintiff fails to support the elements of such a claim—i.e., plaintiff has not alleged defendants were motivated by class-based or racially discriminatory animus, nor has plaintiff alleged an agreement and concerted action. *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

[23] *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

[24] *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (internal quotations omitted).

Moreover, plaintiff hasn't alleged personal participation by any defendant.[25] "[P]ersonal participation is an essential allegation in a section 1983 claim."[26] To the extent plaintiff seeks to impose liability on the County under section 1983, the County cannot be liable under section 1983 under a theory of *respondeat superior*. To impose liability on a municipality under section 1983, plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."[27]

Further, though it is difficult to ascertain all of the defendants that plaintiff intends to sue, the court observes that many are immune from suit. "The Eleventh Amendment doctrine of sovereign immunity bars actions for damages against a State, its agencies and its officials acting in their official capacities, including actions arising under section 1983."[28] A state district court is a subdivision of the state and entitled to sovereign immunity.[29] State judges are absolutely immunity from section 1983 liability except for

---

[25] The court notes that plaintiff does identify specific defendants who were allegedly made aware of plaintiff's alleged hernia injury *after* plaintiff was released from the Saline County Jail.

[26] *Searles v. Bruce*, No. 01-3379, 2007 WL 2461618, at *1 (D. Kan. Aug. 23, 2007) (quoting *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996)).

[27] *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) (quoting *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997)).

[28] *Moore v. Bd. of Cnty. Com'rs of Cnty. of Leavenworth*, 470 F.Supp.2d 1237, 1255 (D. Kan. 2007) (citing cases).

[29] KANSAS CONST. art. III, § 6; *see also Sigg v. District Court of Allen Cnty.*, No. 06-2436, 2007 WL 913926, at *6 (D. Kan. Mar. 23, 2007) ("the District Court is an

acts taken "in the clear absence of all jurisdiction."[30] This immunity extends to judicial officers including court clerks.[31]

State Law Claims

Plaintiff asserts negligence and assault in the context of his alleged hernia injury. The above-described immunity issues notwithstanding, plaintiff fails to allege facts in support of such claims. Moreover, in light of the court's findings with respect to plaintiff's federal claims, the court lacks jurisdiction over these state-law claims. Federal courts are courts of limited jurisdiction.[32] When a plaintiff brings a lawsuit asserting both a violation of federal law and related claims arising from state law, if the federal claims are dismissed the court does not retain jurisdiction to decide the supplemental state-law claims.[33]

Plaintiff is hereby directed to show cause, in writing, to the Honorable Carlos Murguia, United States District Judge, on or before **August 16, 2017**, why the case

---

agency of the State of Kansas and is entitled to sovereign immunity") (citations omitted), *aff'd*, 253 Fed. App'x 746 (10th Cir. 2007).

[30] *Lewis v. Mikesic*, 195 Fed. App'x 709, 710 (10th Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)).

[31] *Edge v. Payne*, 342 Fed. App'x 395, 398–99 (10th Cir. 2009).

[32] *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004).

[33] *Id. at 1167.* In this case, plaintiff does not allege original jurisdiction based on diversity of citizenship because it appears plaintiff and defendants are all residents of Kansas.

should not be dismissed for failure to state a claim and lack of jurisdiction.

III. Motion for Counsel

In civil actions such as this one, there is no constitutional right to appointed counsel.[34] However, "under 28 U.S.C. § 1915(e)(1), a district court has discretion to request counsel to represent an indigent party in a civil case."[35] The decision to appoint counsel "is left to the sound discretion of the district court."[36] "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[37] The court also considers the efforts made by the litigant to retain his own counsel.[38]

---

[34] *Beaudry v. Corr. Corp. of Am.,* 331 F.3d 1164, 1169 (10th Cir. 2003); *Ivory v. Werholtz*, No. 09-3224-SAC, 2009 WL 4043304, at *3 (D. Kan. Nov. 19, 2009) (citing *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)).

[35] *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008) (upholding denial of defendant's motions for counsel).

[36] *Lyons v. Kyner*, 367 F. App'x 878, 883 n. 9 (10th Cir. 2010) (quoting *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994)).

[37] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991); *see also Joe Hand Prods., Inc. v. Tribelhorn*, No. 11-2041, 2011 WL 2516700, at *1 (D. Kan. June 23, 2011) (applying the *Long* factors).

[38] *Sommerville v. Republic Cnty. Hosp.*, No. 10-4119, 2010 WL 5172995, at *1 (D. Kan. Dec. 14, 2010).

The court does not find it appropriate to appoint counsel for plaintiff. While it appears from plaintiff's motion that he has been diligent in his efforts to find an attorney to represent him, other factors weigh against appointing counsel. The factual and legal issues in this case are not extraordinarily complex. The court has no doubt that the district court judge assigned to this case will have little trouble discerning the applicable law. The court must also consider the merits of plaintiff's claim. As indicated above, on this record, the court cannot find that plaintiff's claims are meritorious.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel. If plaintiff devotes sufficient efforts to presenting his case, the court is certain that he can do so adequately without the aid of counsel. Plaintiff's request for appointment of counsel therefore is denied.

IV. <u>Motion for Investigation and Prosecution</u>

In his pleading titled "motion for order" (ECF No. 8), plaintiff asks the court to order investigations and prosecutions of various defendants for alleged crimes set forth in his attached "criminal complaint." As observed above, such an order "would improperly intrude upon the separation of powers."[39] Plaintiff's motion for order is denied.

V. <u>Motion for Order Changing Venue</u>

Finally, in his pleading titled "motion for order for change of venue from 28 Judicial Court to the United States District Court Kansas City, Kansas" (ECF No. 9),

---

[39] *Presley*, 102 F. App'x at 636.

plaintiff asks the court to order the Kansas state court adjudicating the underlying criminal case against him to transfer that state criminal case to this court. Again under the *Younger* abstention doctrine discussed above, the court has no authority to issue such an order. Plaintiff's motion for an order changing venue is denied.

Plaintiff is informed that within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file objections to this order by filing a motion for review of this order by the presiding U.S. district judge. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS THEREFORE ORDERED that plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is granted.

IT IS FURTHER ORDERED that plaintiff's petition for continuance (ECF No. 6) is granted in part and denied as moot in part. The clerk is directed to restrict access to ECF No. 6.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (ECF No. 4), motion for criminal investigation and prosecution (ECF No. 8), and motion for order changing venue (ECF No. 9) are denied.

IT IS FURTHER ORDERED that plaintiff shall show cause, in writing, to the Honorable Carlos Murguia, United States District Judge, on or before **August 16, 2017**, why the case should not be dismissed for the reasons stated herein.

Dated July 31, 2017, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge