**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN ROUDYBUSH,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) **Case No. 17-2303-CM**<br>**STATE OF KANSAS, et al.,** )<br>)<br>Defendants. )<br>) | |

**MEMORANDUM AND ORDER**

Upon reviewing plaintiff John Roudybush's complaint and granting him leave to proceed in forma pauperis, Magistrate Judge James P. O'Hara ordered plaintiff to show cause why his complaint should not be dismissed. Judge O'Hara explained to plaintiff the deficiencies in plaintiff's complaint and gave plaintiff until August 16, 2017 to show cause to the undersigned judge. Plaintiff asked for an extension of time, and Judge O'Hara extended the time to September 15, 2017. On August 30 and 31, plaintiff again requested additional time to respond (Docs. 18 and 19). Document 18 also purported to be a motion to review Judge O'Hara's order. Finally, on September 14, plaintiff filed what appears to be a 10-page response to Judge O'Hara's order (Doc. 22). In that response, plaintiff again asked for an additional 30 days to fully respond to the order.

On October 19, this court granted plaintiff a final extension of time to respond to Judge O'Hara's order—until November 1, 2017. That deadline has passed, and plaintiff did not respond further. The court turns to the merits of plaintiff's case and whether he has shown cause why the case should not be dismissed.

The court has reviewed the order of Judge O'Hara and the reasons given therein for why plaintiff's complaint should be dismissed under 28 U.S.C. § 1915. The court fully agrees with the law

-1-

-2-

and analysis cited in Judge O'Hara's order (Doc. 11).  Upon de novo review, the court reaches the same conclusion, and therefore adopts Judge O'Hara's order in full.  Plaintiff's responses do not raise valid specific objections to Judge O'Hara's order.  Instead, plaintiff makes general allegations about his imprisonment and hernia.  These allegations do not address the problems with plaintiff's complaint that Judge O'Hara identified in his order.  Specifically, they do not show (1) how this court is authorized to order criminal charges; (2) how any of the criminal laws cited provide a private right of action; (3) why *Younger* abstention does not apply; (4) how plaintiff has exhausted any state remedies; (5) why any defendant has the requisite culpability under § 1983; (6) how any defendant personally participated in the alleged actions; (7) what custom or policy caused plaintiff's injury; (8) why defendants are not immune from suit; or (9) why this court should retain jurisdiction over state law claims when it dismisses the federal claims.  Plaintiff has failed to demonstrate that his complaint should not be subject to dismissal.

**IT IS THEREFORE ORDERED** that plaintiff has failed to show good cause why the case should not be dismissed for failure to state a claim and lack of jurisdiction.  The court therefore dismisses the case.

The case is closed.

Dated this 13th day of November, 2017, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**